UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CHARLES LAMONT SMILES,

        Plaintiff,                      Case No. 1:08-cv-660

v.                                        Honorable Paul L. Maloney

CITY OF GRAND RAPIDS et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has been ordered to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.     Factual allegations

Plaintiff Charles Lamont Smiles presently is incarcerated with the Michigan Department of Corrections and housed at the Muskegon Correctional Facility. He was convicted in 1992 of first-degree murder and possession of a firearm during the commission of a felony. On June 4, 1992, he was sentenced in the Kent County Circuit Court to consecutive terms of life imprisonment and two years for the respective offenses. Plaintiff sues the City of Grand Rapids, Kent County, the Grand Rapids Police Department, Grand Rapids Police Detectives Tim Williams and Curt Vanderkooi, Kent County Prosecutor William A. Forsyth, Attorney Judith Raskiewicz, and two unnamed state employees.

In his 37-page complaint, Plaintiff makes numerous allegations concerning his arrest and prosecution on the charges for which he was convicted and sentenced. He contends that the various Defendants detained him on an improper warrant, denied him a timely probable cause hearing, illegally seized blood and hair evidence, failed to investigate, failed to produce pretrial discovery, failed to grant his motions, and failed to honor promises made during his cooperation with another investigation. He alleges that Defendants' conduct deprived him of his rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments. For relief, he seeks $1 million in compensatory damages and $1 million in punitive damages from each Defendant, together with declaratory and injunctive relief.

II.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the

allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff effectively challenges the basis for his incarceration by the State of Michigan. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997).[1]

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck*, 512 U.S. 477. In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged

---

[1] On the first page of his complaint, Plaintiff requests that his civil rights action *not* be construed as a habeas petition.

unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated.

Not all claims that predate a conviction are barred by the rule of *Heck v. Humphrey*. *See Wallace v. Kato*, 127 S. Ct. 1091, 1097-98 (2007). *Heck* does not bar claims which do not imply the invalidity of the conviction itself. Assuming that one or more claims based on events leading up to plaintiff's conviction may escape the bar of *Heck v. Humphrey*, on the theory that such claims do not necessarily impugn the validity of plaintiff's conviction, it is patently clear that all such claims are now barred by the statute of limitations. The court may dismiss a complaint as time-barred under 28 U.S.C. § 1915(e)(2) when the defect is obvious. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

In section 1983 actions, the court applies the most analogous state statute of limitations. The Sixth Circuit has held that the proper limitations period for Michigan cases is provided by Mich. Comp. Laws § 600.5805(10), which expires three years after the claim accrues.

*See Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004). Plaintiff's tort claims, which all accrued in 1990, 1991, and 1992, are clearly untimely. The fact that Plaintiff unsuccessfully sued in the state courts in 2007 did not extend this period, which had long expired before the state-court suit.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:   July 29, 2008            /s/  Joseph G. Scoville
                                  United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).