UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES LAMONT SMILES, | Case No. 1:08-cv-660 |
| Plaintiff, | HONORABLE PAUL L. MALONEY |
| v. | |
| CITY OF GRAND RAPIDS *et al.*, | |
| Defendants. | |

### Opinion and Order

**Overruling the Plaintiff's Objections and Adopting the Report and Recommendation;
Dismissing the Complaint;
Terminating the Case**

Plaintiff Charles Lamont Smiles ("Smiles") is incarcerated in a state correctional facility in Muskegon, Michigan, serving two consecutive terms of life imprisonment plus two years each following 1992 convictions for first-degree murder and possession of a firearm during the commission of a felony. Smiles sues a city, a county, police and prosecutors of the city and county, an attorney, and two unspecified state employees, acting under color of state law, *see* Comp ¶¶ 1-11, for allegedly detaining him on an unlawful arrest warrant, *see* Comp ¶ 63; denying him a timely probable-cause hearing, *see* Comp ¶ 69; illegally seizing hair and blood evidence, *see* Comp ¶ 63; failing to investigate; intentionally and maliciously withholding pretrial discovery of both exculpatory and inculpatory evidence, *see* Comp ¶ 71; refusing to grant his motions, and failing to grant promises made to him in return for his cooperation with law enforcement in another case, in alleged violation of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments. *See* Comp ¶¶ 12-13 and 24-61.

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to the Honorable Joseph G. Scoville, United States Magistrate Judge, who issued a Report and Recommendation ("R&R") on July 29, 2008 recommending the dismissal of Smiles' complaint for failure to state a claim.

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, FED. R. CIV. P. 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See also* W.D. MICH. LCIVR 72.3(b). Calculating the ten-day period as prescribed by FED. R. CIV. P. 6(a), the court finds that Smiles timely filed objections on August 6, 2008. That entitles Smiles to *de novo* review of the R&R to the extent that the objections are sufficiently specific and identify the portions of the R&R to which they object.

The court finds the R&R to be well-reasoned and is unconvinced by Smiles' objections. Even reading Smiles' claims and the record indulgently because he is proceeding *pro se*, *see Reeves v. USDOJ*, 2008 WL 4911409, *1 (W.D. Mich. Nov. 12, 2008) (Maloney, C.J.) (citing *Haines*, 404 U.S. at 520), the court agrees that his complaint fails to state a claim on which relief can be granted. *Cf. Simmonds v. Superior Pontiac Cadillac, Inc.*, No. 87-1097, 861 F.2d 721, 1988 WL 116876, *2 (6th Cir. Nov. 2, 1988) (p.c.) ("Since plaintiff is appealing *pro se*, we have made every effort to view the record and her arguments indulgently, but even under this relaxed standard of review, we find no error.").

**The Magistrate Judge correctly noted that to the extent that Smiles challenges the fact**

or duration of his imprisonment, his claims are improper under 42 U.S.C. § 1983 and must instead be brought in a petition for a writ of habeas corpus. *See also Taylor v. Michigan Parole Bd.*, 2008 WL 1836951 (W.D. Mich. Apr. 22, 2008) (Maloney, J.) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

The Magistrate Judge also correctly noted that to the extent that the success of Smiles' claims would necessarily invalidate or imply the invalidity of his conviction or sentence, the claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, a state-prison inmate brought a § 1983 action alleging that the defendants (a prosecutor and a police investigator) violated his constitutional rights by conducting an illegal investigation that led to his arrest, destroying exculpatory evidence, and using an illegal voice-identification procedure at trial. *Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 599 (6th Cir. 2007) (citing *Heck*, 478 U.S. at 478-79), *reh'g & reh'g en banc denied* (6th Cir. Jan. 7, 2008). The Supreme Court analogized Heck's § 1983 claim to a tort claim for malicious prosecution; an element of a malicious-prosecution claim is a showing that the plaintiff prevailed in the earlier criminal proceeding that gave rise to his malicious-prosecution lawsuit. *Powers*, 501 F.3d at 599-600 (citing *Heck*, 478 U.S. at 484). The Court noted that this "favorable-termination requirement" protects against the risk of inconsistent judgments that collateral attacks on criminal convictions could otherwise engender. *Powers*, 501 F.3d at 600 (citing *Heck*, 478 U.S. at 484-85).

Accordingly, the Supreme Court held that a § 1983 damages action in connection with an allegedly unlawful conviction will not lie unless the claimant, like a malicious-prosecution plaintiff, can show that the underlying conviction or sentence has been invalidated, i.e., reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a

determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Powers*, 501 F.3d at 600 (citing *Heck*, 478 U.S. at 486-87).

Moreover, the Supreme Court in *Heck* instructed that even if the plaintiff nominally challenges something other than his conviction or sentence, the favorable-termination requirement applies whenever a judgment in his favor would "necessarily imply the invalidity of his sentence; if it would[,] the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Powers*, 501 F.3d at 600 (citing *Heck*, 478 U.S. at 487); *see also Bean v. McQuiggin*, No. 2:07-cv-113, 2008 WL 611611, *5 (W.D. Mich. Mar. 4, 2008) (Wendell Miles, J.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)).

Although *Heck*'s holding, by its terms, originally applied only to § 1983 claims seeking monetary damages, the Supreme Court later extended the *Heck* rule to bar claims seeking injunctive or declaratory relief that would necessarily imply that a conviction or sentence is invalid:

> [A] state prisoner's § 1983 action is barred . . . – *no matter the relief sought (damages or equitable relief)*, no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Thomas v. Eby*, 481 F.3d 434, 438-39 (6th Cir. 2007) (emphasis added) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)), *reh'g & reh'g en banc denied* (6th Cir. July 31, 2007); *see also Ibrahim v. U.S. Parole Bd. Members*, 80 F. App'x 421, 422 (6th Cir. 2003) ("*Heck* applies whether the plaintiff seeks injunctive or monetary relief.") (citing *Edwards v. Balisok*, 520 U.S. 641, 645 (1997)).[1]

---

[1]

*See, e.g.,* holding prisoner's claims barred by *Heck*:  *Doty v. Berghuis*, 2008 WL 4756018 (W.D. Mich. Oct. 23, 2008) (Maloney, C.J.) ( 28 U.S.C. § 2254 habeas action by state prisoner);

*Lowe v. USAG*, 2008 WL 724684, *2-3 (W.D. Mich. Mar. 17, 2008) (Maloney, J.) (§ 2254);

Objecting to page 3, paragraph 2 of the R&R, Smiles complains that the Magistrate Judge "have [sic] not shown how or where Plaintiff is challenging the fact or duration of his confinement. Plaintiff is not challenging the basis of his incarceration." Smiles' Objections at 2, Section A. Smiles fails to grasp, however, that *Heck* bars any claim whose success would necessarily imply that a conviction or sentence was invalid, without regard to whether the plaintiff expressly and directly purports to challenge the conviction or sentence.

Objecting to page 3, paragraph 4 of the R&R, Smiles contends that *Heck* does not bar his claims for false arrest, false imprisonment, or malicious prosecution / abuse of legal process, because, *inter alia*, "favorable termination of prior proceeding is not an element of abuse of a legal process." *See* Smiles' Objections at 2-4, Sections B through E. Whether or not *Heck* bars these claims, however, they accrued too long ago to be timely under the applicable statute of limitations governing this section 1983 action, as explained below, so they still must be dismissed for failure to state a claim.

**Smiles then proceeds to make other arguments in support of the substance of some of his constitutional claims, without specifying the portion of the R&R which the arguments allegedly refute or undermine. In any event, the arguments in these sections of the "objections" document do not attempt to show that the claims discussed are not properly raised only in a habeas petition, are not barred by *Heck*, or are not time-barred.** For example, Smiles reiterates his argument that the defendants were acting under color of state law when they allegedly violated his constitutional rights, *see* Smiles's Objections at 10, Section P. *See also*, reiterating arguments

_____

*Gauna v. Berghuis*, 2008 WL 584946 (W.D. Mich. Feb. 28, 2008) (Maloney, J.) (§ 1983);

*Jarvis v. Berghuis*, 2008 WL 441391 (W.D. Mich. Feb. 14, 2008) (Maloney, J.) (§ 1983).

-5-

on the merits, which the R&R understandably declined to address in light of the *Heck* and time bars: Smiles' Objections at 4, Section E (arguing that a malicious abuse of process is by definition a denial of procedural due process); *id.* at 4-5, Section F (arguing that defendants violated his right to counsel during custodial interrogation, and his right not to be compelled to incriminate himself); *id.* at 5, Section G (arguing that defendants violated his right to a timely judicial determination of probable cause for his continued detention); *id.* at 5-6, Section H (arguing that defendants violated his right of access to the courts, Sixth Amendment right to confront the witnesses against him, and Fourteenth Amendment rights to due process and equal protection of the law by failing to adhere to their *Brady v. Maryland* obligation to disclose material information); *id.* at 6, Section I (arguing that defendants violated his rights to due process and equal protection by denying him "public accommodation"); *id.* at 6-7, Section J (arguing that defendants were deliberately indifferent to an excessive risk to his health or safety, or to his rights); *id.* at 7, Section K (discussing what Smiles believes are the elements of a claim for conspiracy to violate civil rights); *id.* at 10-11, Section Q (stating that counts I through X adequately alleged deliberate indifference to Smiles's physical well-being).

Indeed, at least one of Smiles's objections makes clear that his complaint is *expressly* challenging the validity of his criminal convictions – the prototypical action that *Heck* is designed to prevent in this setting. *See* Smiles's Objections at 9, Section O (citing authority for the proposition that a judgment or decree is not conclusive where it was "unfairly obtained, and was the result of acts of malice, fraud, and oppression . . . , designed and having the effect to deprive [the losing party] of the opportunity and necessary means to have defeated suit, and obtained a judgment in his favor."); *id.* at 9-10, Section O (defining "fraud on the court", citing Counts V and IX of his complaint, and stating that a conviction "conclusively establishes the existence of probable cause *unless the*

*conviction was obtained by fraud, perjury, or other corrupt means . . . .*") (emphasis in original) (citation to Second Circuit decision omitted).

 **Finally, the Magistrate Judge correctly reasons that if any of Smiles' claims escape the *Heck v. Humphrey* bar because its success would not impugn the validity of his conviction or sentence, the claim would nonetheless be time-barred.** *See* R&R at 4-5.  The Magistrate Judge was right to apply the three-year personal-injuries limitations period of MICH. COMP. LAWS § 600.5805(10) to this 42 U.S.C. § 1983 action, *see JiQiang Xu v. Michigan State Univ.*, 195 F. App'x 452, 455 (6th Cir. 2006) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985) and *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986)), *cert. denied*, – U.S. –, 127 S.Ct. 1911 (2007), and he was right to conclude that Smiles' constitutional tort claims accrued in 1990-1992, far more than three years before he filed the instant complaint in 2008.

 Federal law is used to determine when the limitations period began to run, *see Xu*, 195 F. App'x at 455 (citing *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991)), and under federal law "[t]he limitation period is triggered 'when the plaintiff knows or has reason to know of the injury which is the basis of his action'", *Xu*, 195 F.3d at 455-56 (quoting *Dixon*, 928 F.2d at 215 (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).  Repeating the allegations of his complaint, Smiles makes the conclusory assertion that two of the defendants (Forsyth and Raskiewicz) "created [an] impediment, hindering Plaintiff's ability to ascertain the facts of the claims, until January 8, 2007[,] when the Kent County Circuit Court Clerk, released the requested discovery file to Plaintiff." Smiles's Objections at 7, Section L; *see also id.* at 8, Section M (citing authority for the proposition that a claim does not accrue until the claimant has suffered damages).  But Smiles does not even generally explain how these defendants allegedly prevented him from learning the basis for any of

his claims.

Smiles also takes issue with the Magistrate Judge's correct statement, R&R at 5, that "[t]he fact that Plaintiff unsuccessfully sued in the state court in 2007 did not extend this [three-year limitations] period, which had long expired before the state-court suit."  Smiles argues that the Magistrate Judge

> misconstrued Plaintiff's Ex Parte Motion for Order to Show Cause (Superintended Control) to the Kent County Circuit Court, wherein Plaintiff requested that: the "Chief Judge of the Kent County Circuit Court exercise the duties and powers establish[ed] in the administrative rule[s] of the court, pursuant to MCR 8.110(C)(3) . . . .["]  Plaintiff's Ex Parte Motion was not a[n] original suit[.]

Smiles's Objections at 8, Section N.  But even if Smiles' characterization of his state-court motion were accurate, he misses the point that the motion could not have extended a limitations period that had already expired.  *See Ross v. Eberlin*, 2008 WL 1931264, *2 (N.D. Ohio May 1, 2008) (Sara Lioi, J.) ("[F]iling a motion for a delayed appeal [in state court] may toll the running of the statute of limitations, but it will not revive a statute that has already expired.") (citing, *inter alia*, *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006)); *McCormack v. Howes*, 2007 WL 922425, *4 (W.D. Mich. Mar. 26, 2007) (Richard Alan Enslen, J.) (motion for relief from state-court judgment could not have affected already-expired AEDPA limitations period, because "[s]uch a ruling would directly contradict the Sixth Circuit's holding that a post-appeal motion does not revive a limitations period that has already expired") (citing, *inter alia*, *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)); *Alexander v. Metrish*, 2007 WL 542010, *6 (W.D. Mich. Feb. 16, 2007) (Richard Allan Edgar, J.) ("The tolling provision in § 2244(d)(2) does not 'revive' the already-expired statute of limitations period in 28 U.S.C. § 2244(d)(1), i.e. does not restart the clock . . . .") (citing, *inter alia*, *Allen v. Yukins*, 366 F.3d 496, 401 (6th Cir. 2004)).

-8-

Therefore, Smiles' assertion that his claims did not accrue in 1990-1992 is unsupported.

## ORDER

The plaintiff's objections [document # 7] are **OVERRULED.**

The Report and Recommendation [document # 6] is **ADOPTED.**

The complaint is **DISMISSED** because it is legally frivolous.

This case is **TERMINATED**.

This dismissal counts as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).[2]

This is a final order, but it is not appealable.  The courts finds no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3).[3] *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

**IT IS SO ORDERED this 24th day of November 2008.**


/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

[2]

The provision entitled Proceedings In Forma Pauperis states, in pertinent part:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

[3]

Title 28 U.S.C. § 1915(a)(3) provides, "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."