UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| CHARLES SMILES, # 224987, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:08-cv-660 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| CITY OF GRAND RAPIDS, et al., ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |
| _____ ) | |

This was a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff sued a number of municipalities and public officials involved in investigating or prosecuting plaintiff for first-degree murder in 1992. After review of the *pro se* complaint under 28 U.S.C. §§ 1915e(2), 1915A, and 42 U.S.C. § 1997e(c), Chief Judge Maloney issued an opinion and judgment dismissing all of plaintiff's claims against all parties, on various grounds. (docket #s 13, 14). Plaintiff appealed as of right to the Court of Appeals for the Sixth Circuit, which affirmed this court's judgment by order issued June 15, 2009. (docket # 21) (Court of Appeals case no. 08-2651).

Plaintiff has now filed four documents: a motion for relief from judgment under Fed. R. Civ. P. 60(b) (docket # 25); a supplement to the motion (docket # 30); a motion for leave to proceed *in forma pauperis* (docket # 27); and a motion for hearing (docket # 28). To add to the complexity of his submissions, plaintiff uses these documents to attack not only the judgment in this case but also the judgment in *Smiles v. Lavigne*, case no. 2:00-cv-160, a habeas corpus action in which plaintiff challenged his murder convictions. Judge Richard Enslen denied relief in that case,

and the Sixth Circuit Court of Appeals denied a certificate of appealability. The judgment in that case became final on June 4, 2002, when the Supreme Court denied *certiorari*. Plaintiff's recent filings attempt to challenge the validity of both judgments, making it difficult to determine which grounds apply to which case.

I have granted plaintiff's request to proceed *in forma pauperis*. This report and recommendation addresses the Rule 60(b) motion and motion for a hearing in *Smiles v. City of Grand Rapids*, plaintiff's section 1983 civil rights case.

## Discussion

Most of plaintiff's motion and supplement relate to his previous habeas corpus case. To the extent that these documents are intelligible, the challenge to the November 24, 2008 judgment in the present civil rights case appears to be brought under Rule 60(b)(4) and (6). Plaintiff repeatedly asserts that this court lacked subject-matter jurisdiction over his claims and that the judgment is therefore void within the meaning of Rule 60(b)(4). He also asserts that extraordinary circumstances entitle him to relief under Rule 60(b)(6). Neither contention bears scrutiny.

For purposes of Rule 60(b)(4), a judgment is considered void only if the court that rendered it lacked jurisdiction over the subject matter or the parties, or if the court acted in a manner completely inconsistent with due process of law. *See Northridge Church v. Charter Twp. of Plymouth*, 647 F.3d 606, 611 (6th Cir. 2011); *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995). Plaintiff does not attempt to demonstrate how this court lacked subject-matter jurisdiction over the civil rights action he brought pursuant to 42 U.S.C. § 1983. The Judiciary Act expressly grants original jurisdiction to the federal district court of "all civil actions arising under

the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Furthermore, the district courts have original jurisdiction of any civil action brought under an act of Congress providing for the protection of civil rights.  28 U.S.C. § 1343.  The assertion that this court entered its judgment without satisfying itself of its subject-matter jurisdiction is therefore nonsensical.  Plaintiff's principal complaint seems to be that the Kent County Circuit Court, in which plaintiff was found guilty of murder, lacked subject-matter jurisdiction to try him.  That argument, however, has nothing to do with the subject-matter jurisdiction of this court to hear and determine plaintiff's civil rights claims under 42 U.S.C. § 1983.  Plaintiff has not alleged grounds which, if true, would lead to a finding that this court lacked subject-matter jurisdiction.  He has likewise not identified any due-process violation committed by this court or the Court of Appeals.

Rule 60(b)(6) is a catchall provision that allows the district court to grant relief from judgment "for any other reason that justifies relief."  The rule applies only in unusual and exceptional circumstances, *see Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005), not addressed by the first five numbered clauses of the rule.  *See East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 465 (6th Cir. 2011).  A claim of legal error is not cognizable under Rule 60(b)(6) absent exceptional circumstances.  *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).  Plaintiff's motion asserts that exceptional circumstances justify relief under Rule 60(b)(6), but he does not identify any such circumstances.

I conclude that plaintiff has failed to allege any ground for relief from this court's judgment under Rule 60(b) of the Federal Rules of Civil Procedure.  I therefore recommend that his motion for relief from judgment be denied.  His motion for an order to show cause hearing is

similarly devoid of merit, as it seeks an evidentiary hearing on his meritless motion for relief from judgment. I therefore recommend that this motion to be denied as well.

### Recommended Disposition

I recommend that plaintiff's motion for relief from judgment (docket # 25) and motion for hearing (docket # 28) be denied for lack of merit.


Dated:   January 13, 2012             /s/  Joseph G. Scoville
                                      United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).