UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES SMILES, #224987, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| CITY OF GRAND RAPIDS, | ) | No. 1:08-cv-00660 |
| KENT COUNTY, | ) | |
| GRAND RAPIDS POLICE DEPARTMENT, | ) | HONORABLE PAUL L. MALONEY |
| UNKNOWN PARTY #1, | ) | |
| UNKNOWN PARTY #2, | ) | |
| TIM WILLIAMS, | ) | |
| CURT VANDERKOOI, | ) | |
| WILLIAM A. FORSYTH, and | ) | |
| JUDITH RASKIEWICZ, | ) | |
|     Defendants. | ) | |
| _____ | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS**

In July 2008, Charles Smiles filed this *pro se* civil-rights action in this court. Mr. Smiles, a Michigan state prisoner, alleged claims against various municipal bodies and individuals involved in investigating or prosecuting him for first-degree murder in 1992. (ECF No. 1.) After this court dismissed Mr. Smiles's claims (ECF Nos. 13, 14), Smiles appealed to the Sixth Circuit, who affirmed. (*See* ECF No. 21.) Mr. Smiles then filed a motion for relief from judgment under Rule 60(b) (ECF No. 25) and an associated motion for hearing (ECF No. 28). Magistrate Scoville issued a Report and Recommendation ("R&R") recommending that these motions be denied for lack of merit (ECF No. 32), and Mr. Smiles filed timely objections (ECF No. 33). These objections are before the court today.

**I.    STANDARD OF REVIEW**

Parties have 14 days to file written objections to the proposed findings and recommendations

in a magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed, and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only specific objections are entitled to *de novo* review under the statute, *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam), and the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to object to an issue waives that issue, along with the party's right to appeal that issue. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

**II.   DISCUSSION**

Mr. Smiles first registers a general objection to the magistrate judge's R&R, claiming to rely on the argument submitted with his initial brief. Because this objection fails to point to any particular errors in the R&R, it is OVERRULED. *See Mira*, 806 F.2d at 637 (only specific objections are entitled to review).

Mr. Smiles goes on to make a number of more specific objections, however. First, he objects to the magistrate judge's conclusion that Mr. Smiles has failed to show how this court lacked subject-matter jurisdiction over his section-1983 claim. Mr. Smiles cites numerous cases stating that courts must have jurisdiction to enter valid orders and that a void judgment is a nullity. But he does not provide any support for the claim that this court lacked subject-matter jurisdiction in the first place. As Magistrate Judge Scoville explained in detail, this court clearly has jurisdiction over Mr. Smiles's section-1983 claim under 28 U.S.C. § 1331. Much of Mr. Smiles's argument appears to attack the jurisdiction of the Kent Country Circuit Court, but this claim is irrelevant to Mr. Smiles's

Rule-60(b) motion, under which he must show that *this* court lacked subject-matter jurisdiction over his claims. Therefore, this objection is OVERRULED.

      Next, Mr. Smiles objects to the magistrate judge's conclusions that Smiles failed to show either a due-process violation that would justify relief under Rule 60(b)(4) or exceptional circumstances that would justify relief under 60(b)(6). Mr. Smiles argues that the judgments of this court and the Kent County Circuit Court are void and therefore violated due process, but as discussed above, he cannot establish that this court's judgment is void and the Kent County Circuit Court's judgment is irrelevant here. Mr. Smiles also appears to claim that there has been a miscarriage of justice that entitles him to relief, but aside from the jurisdictional arguments above, he gives no clue as to what this miscarriage of justice might be. Because these arguments are meritless and fail to point out any error by the magistrate judge, Mr. Smiles's second objection is OVERRULED.

      Finally, Mr. Smiles objects to the magistrate judge's conclusion that his motion for hearing lacks merit. He argues that when the court's jurisdiction has been questioned, the burden is placed on the party asserting jurisdiction to establish the court's power to hear the matter. This argument overlooks the fact that there is no plausible challenge to the court's jurisdiction here. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction . . . should be considered when *fairly* in doubt" (emphasis added)). This court determined that it had jurisdiction on its initial review of this suit. As Mr. Smiles's own Complaint alleges, this court has federal-question jurisdiction over his 42 U.S.C. § 1983 claim. *See* 28 U.S.C. § 1331. This allegation was correct; the court's jurisdiction is clear. Mr. Smiles cannot now establish a fair question as to this court's jurisdiction simply by asserting—without any supporting argument—that jurisdiction is lacking, and he certainly cannot show that he is entitled to a hearing on that bare claim. This

objection is therefore OVERRULED.

For the reasons discussed above, **IT IS HEREBY ORDERED** that:

1. The report and recommendation (ECF No. 32) is **ADOPTED**, over objections, as the opinion of this court;

2. Plaintiff's Motion for Relief from Judgment (ECF No. 25) is **DENIED**; and

3. Plaintiff's Motion for Hearing (ECF No. 28) is **DENIED**.

**IT IS SO ORDERED.**


Date:   April 5, 2012                                          /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               Chief United States District Judge